# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

JASON CARL ISTA,

Case No. 23-cv-1770 (PJS/TNL)

Plaintiff,

v.

**ORDER**

ANOKA COUNTY; DAKOTA COUNTY;
RAMSEY COUNTY; WASHINGTON
COUNTY; SCOTT COUNTY; and STATE
OF MINNESOTA,

Defendants.

Jason Carl Ista, *pro se*.

This matter is before the Court for review of plaintiff Jason Carl Ista's civil complaint (ECF No. 1) and *in forma pauperis* (IFP) application (ECF No. 2), pursuant to 28 U.S.C. § 1915(e).

After review of the IFP application, the Court concludes that Ista qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP application fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e)

apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Here, Ista claims "civil, constitutional, human & hippa rights violations by law enforcement city, county & state government agencies, hospitals and healthcare and mental health agencies, hospitals, and clinics." (Comp. at ¶ 7 (ECF No. 1)).  Ista alleges that he has been "beaten, drugged, gang stalked" and "taken away from family and friends for misdiagnosis."  *Id*.  He contends that his brother, Joshua Lynn Ista, has been beaten, as well.  *Id*.  Ista requests $500 billion dollars in monetary damages, the restoration

of all of his rights, and a pardon by the President of the United States, among other things.
*Id.*

Ista does not explicitly identify a federal cause of action, but he claims that his constitutional rights have been violated.  Recognizing that pro se complaints are to be liberally construed, this Court therefore considers whether Ista has established a plausible civil-rights claim under 42 U.S.C. § 1983 and finds that he has not.  Pursuant to Section 1983, "a plaintiff must allege a violation of a constitutional right committed by *a person* acting under color of state law."  *Andrews v. City of West Branch*, Iowa, 454 F.3d 914, 918 (8th Cir. 2006) (emphasis added).

As a threshold matter, Ista has failed to identify what constitutional right the defendants violated or how they allegedly violated it.  But even if a colorable constitutional violation had been alleged, a § 1983 claim against these defendants would necessarily fail.

Turning first to Ista's claims against the State of Minnesota, absent two limited exceptions, the Eleventh Amendment bars private parties from suing a state in federal court.  *See Skelton v. Henry*, 390 F.3d 614, 617 (8th Cir. 2004); *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (per curiam) (affirming dismissal of claims against state agency on the basis of Eleventh Amendment immunity).  Specifically, sovereign immunity does not apply where Congress has abrogated the state's immunity or in situations in which the state has consented to suit or waived its immunity.  *Seminole Tribe v. Florida*, 517 U.S. 44,

74 (1996).   Neither exception applies here: Congress has not abrogated Eleventh Amendment immunity for § 1983 actions, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (concluding that Congress did not intend to override sovereign immunity in enacting 42 U.S.C. § 1983), and the State of Minnesota has not consented to be sued. Further, the State of Minnesota is not a "person" within the meaning of § 1983.  *Will*, 491 U.S. at 70. ("[S]tate and governmental entities . . . are not persons subject to liability for the purposes of 42 U.S.C. § 1983 action.").   Accordingly, any claim against the State of Minnesota fails as a matter of law.[1]

This leaves Ista's claims against the county defendants: Anoka County, Dakota County, Ramsey County, Washington County, and Scott County.  Such claims fail for a different reason. "A claim against a county is sustainable only where a constitutional violation has been committed pursuant to an official custom, policy or practice."  *Luckert v. Dodge Cnty.*, 684 F.3d 808, 820 (8th Cir. 2012) (internal citations omitted).  And again, assuming, *arguendo*, that Ista articulated a violation of a federal constitutional right, Ista fails to allege any facts establishing that the alleged violation was the result of an unconstitutional policy or custom—or that the custom, policy or practice was "the

---

[1] Notably, "state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment . . . ." *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).  But Ista does not name any individual state officials as defendants to his lawsuit.  Thus, to the extent that Ista is requesting equitable relief in addition to monetary damages, the doctrine of sovereign immunity acts as a bar to those claims as well.

moving force behind the violation." *Id.* (internal citations and quotations omitted).  Thus, to the extent that Ista claims the county defendants violated his constitutional rights, such claims also fail as a matter of law.

A final note about Ista's allegation that the defendants violated "hippa." (Comp. at ¶ 7 (ECF No. 1). The Court understands "hippa" to be a reference to the Health Insurance Portability and Accountability Act (HIPAA).  42 U.S.C. § 1320d-1 *et seq*.  Setting aside the fact that the complaint fails to identify who, how, or when HIPAA was allegedly violated, HIPAA does not create an express or implied private right of action.  *See Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010) ("HIPAA does not create a private right of action"); *Adams v. Eureka Fire Protection Dist.*, 352 F. App'x 137, 138-39 (8th Cir. 2009) ("Since HIPAA does not create a private right, it cannot be privately enforced either via § 1983 or through an implied right of action.").  Thus, to the extent plaintiff is asserting violations of HIPAA as a cause of action, such claims cannot proceed as a matter of law.[2]

Ista filed an earlier action in this District raising similar claims against the same defendants.  *See Ista v. Anoka Cnty., et al.*, Case No. 23-cv-1204 (DWF/DTS) (D. Minn. Apr. 28, 2023) (ECF No. 1).  That action was dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a plausible claim for relief.  *Id.*  ((Mem. Op. & Order

---

[2] To the extent that Ista invites the Court to discern some other cause of action on his behalf, this Court declines the invitation. *See Bediako v. Stein Mart, Inc.*, 345 F.3d 835, 840 (8th Cir. 2004) (federal courts are not required to "divine the litigant's intent and create claims that are not clearly raised").

at p. 2) (ECF No. 3)).  Here, again, Ista has failed to plead a plausible claim for relief against these defendants.  For the reasons explained above, the Court finds that efforts to amend the complaint would be futile.  *See Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009) (dismissal with prejudice not an abuse of discretion where amendment of the complaint would be futile).  Accordingly, Ista's complaint (ECF No. 1) is dismissed with prejudice.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.     Plaintiff's complaint (ECF No. 1) is DISMISSED WITH PREJUDICE.

2.     Plaintiff's IFP Application (ECF No. 2) is DENIED as MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 16, 2023                        s/Patrick J. Schiltz_____
                                            Patrick J. Schiltz, Chief Judge
                                            United States District Court